### THE LOUISVILLE AND NASHVILLE RAILROAD COMPANY v. MICHAEL QUINN.

RAILROADS. *Eminent domain. Right of way. Trespass.* Section 16 of chapter 151 of act of 1851–2, old Code, section 1119, was intended as a general amendment to the charters of all railroad companies that might see proper to accept its provisions by exercising the rights and privileges conferred by it, and under it a railroad company authorized by its charter to condemn land for right of way, may condemn land to build a track connecting or uniting it with another railroad, and if it appropriates land for such purpose without having same condemned, it is not liable as a trespasser, but for its value and incidental damages, under the statute providing for the measure of damages in case of condemnation proceedings.

### FROM DAVIDSON.

Appeal in error from the Circuit Court of Davidson county. FRANK T. REID, J.

SMITH & ALLISON for Railroad.

DEMOSS & MALONE for Quinn.

COOKE, J., delivered the opinion of the court.

The Louisville & Nashville Railroad Company, by virtue of its charter granted by the Legislature of Tennessee in 1851, constructed its railroad from Louisville, Kentucky, to Nashville, Tennessee, and established its depot and southern terminus in Nashville at College street. The Nashville & Chattanooga Railroad Company, by virtue of its charter granted before that time, constructed its railroad from Nashville to

Chattanooga, and established its depot and northern terminus at Church street, in the city of Nashville. By the special provisions in their charters each of said companies were permitted and authorized to condemn and appropriate lands for right of way, etc. .

By the 16th section of the act. of 1851–2, chapter 151, known as the internal improvement act, "all the railroads of this State have power to construct their roads so as to cross each other if necessary, by the main trunks or branches, or to unite with each other as with branches." Code, section 1119.

In 1872 the Louisville & Nashville Railroad Company and the Nashville & Chattanooga Railroad Company entered into a contract, by which among other things the Louisville & Nashville Railroad Company agreed to pay for the right of way sufficient for a connecting railroad track, to be built on trestles, and to construct in a first-class manner said trestles, and place thereon first-class railroad iron of fish-bar pattern, from the trestle of the Nashville & Northwestern railroad to the depot grounds of the Nashville & Chattanooga Railroad Company; and said trestle and right of way thereof to be the property of the Nashville & Chattanooga Railroad Company, and the whole of the trestle and track connecting the Louisville & Nashville Railroad depot with the Nashville & Chattanooga Railroad depot to be kept in good repair at all times by the Nashville & Chattanooga Railroad Company for the uninterrupted use as required by the business of the Louisville & Nashville Railroad Company; and in the same year, 1872, the Louisville & Nashville

Railroad Company, in accordance with said contract, did construct said extension of its road upon trestles through a part of the city of Nashville, a distance of about 700 yards, so as to form a connection between said Louisville & Nashville and Nashville & Chattanooga railroads, and the depots thereof, and in doing so took possession of and appropriated a portion of a lot belonging to the plaintiff and constructed said trestle and railroad upon and over the same. This trestle and road was constructed upon the most direct and only practicable route by which the two roads could be connected together, or said Louisville & Nashville connected with the Nashville & Chattanooga railroad, and was constructed in the best and most approved manner possible.

This action of trespass has been brought for the alleged unlawful entry upon and construction of said trestle and road upon and over said lot and premises whereby the value of the same was greatly impaired and the occupation of the houses, etc., upon the same rendered unsafe by reason of the unlawful running of the trains and engines of the defendant upon and over the same. The declaration contains the usual specific averments of trespass and injury to the freehold, etc.

To this declaration there were nine pleas, the first five of which averred in different forms and with great particularity, the rights of the defendant under its charter, and said 16th section of the act of 1851–2, to extend and connect its road with the Nashville & Chattanooga railroad, and its right to appropriate land for the necessary right of way therefor, and that it

was not liable to be sued therefor as a trespasser, but was only liable for the value of the land actually appropriated and incidental damages to the remainder in the manner, to the extent and in the appropriate proceeding for that purpose provided and prescribed by statute, etc.

To these pleas there was a demurrer, which was sustained by the court upon the idea that the defendant had no legal right to enter upon and appropriate said land for right of way, or to acquire it in any other manner except by purchase of the owner, etc. The other four pleas were "not guilty," and various statutes of limitations, etc., and upon which issue was taken.

Upon the trial the circuit judge charged the jury (there being evidence to which the same was applicabe), that the defendant had no legal right to use and occupy any portion of the plaintiff's lot in the construction of a trestle uniting its southern terminus on College street with the track or depot grounds of the Nashville & Chattanooga railroad, without having first purchased that right, or acquired it by gift; and that it had no power to condemn plaintiff's land, etc., and if they were satisfied that the defendant entered upon and constructed its track over the plaintiff's land without his permission and without having purchased a right of way thereon, such entry was illegal and a trespass, for which the defendant is liable in damages; the amount of damages recoverable being whatever the proof shows the plaintiff's lot was deteriorated in value by reason of such wrongful seizure or trespass.

There was verdict and judgment for the plaintiff, and a new trial having been refused the defendant, it has appealed to this court. The Referees have reported that the action of the circuit court in sustaining the demurrer to said pleas, as well as the above instructions, was erroneous, and that the judgment of the circuit court should be reversed, the demurrer to said pleas overruled, a new trial granted, and the cause remanded, etc.; to which exceptions have been filed raising the question as to the correctness of the action and charge of the court above stated.

We have been favored with an elaborate and ingenious argument in support of the action of the circuit judge.

The above cited and connecting sections of the Code, however, have been construed in connection with the charter of the companies in the case of *Louisville & Nashville Railroad Company* and the *Nashville & Chattanooga Railroad Company* v. *The State*, 9 Baxt., 522. In that case it was expressly holden that these companies had the right in the construction of this identical trestle and connecting link of road to exercise the right of eminent domain, and to appropriate land necessary for the right of way for that purpose, in the mode prescribed or permitted by law to railroad companies having that right. It is said, however, that this question did not properly arise in that case, and that this holding was a mere dictum of the judge who delivered the opinion. We do not think so. That was an indictment for obstructing one of the streets of the city of Nashville by placing one of

the piers or trestles in said street, and it became necessary to determine this question in order to decide as to the right of the defendant to create said obstruction; and it was held this right existed by reason of the right of eminent domain existing in the companies by virtue of the provisions of law above referred to. It is further urged that this right, although it may have existed by virtue of said legislation, was a mere police power conferred on the companies, and which did not carry with it the right of eminent domain. We are unable to concur in this proposition, or assent to the reasoning by which it is attempted to be supported. We think the section of the statute above referred to was intended as a general amendment to the charters of all railroad companies that might see proper to accept its provisions by exercising the rights and privileges conferred by it. But whether the question was properly in judgment in the case referred to or not, we are satisfied with the correctness of the reasoning and adhere to it.

Again, it is insisted that although the Louisville & Nashville Railroad Company may have had this right which it could exercise for itself, it could have no right to exercise it for another, and hence by its undertaking to build this connection for the Nashville & Chattanooga Railroad Company under the provisions of the contract above cited, it lost that right or could not avail itself of it. We do not, however, so understand the effect of the contract. It is true, by its terms, the trestle and superstructure when finished, were to belong to the Nashville & Chatta-

Railroad Company *v.* Quinn.

nooga Railroad Company, and to be kept in repair by it, but was to be for the uninterrupted use of the Louisville & Nashville Railroad Company, as might be required by its business. The right of way was to be acquired by, and the road was to be the property of, the Louisville & Nashville Railroad Company until completed, and then, was to become the property, under certain stipulations, of the Nashville & Chattanooga Railroad Company, subject to the unrestricted right of use of the Louisville & Nashville Railroad Company, as aforesaid. But if it were conceded that the Louisville & Nashville Railroad Company merely undertook to construct said connection as the employe for that purpose of the Nashville & Chattanooga Railroad Company, which, however, we do not think was the case, the Nashville & Chattanooga Railroad Company had the same right to appropriate the right of way for that purpose as the Louisville and Nashville Company, and the plaintiff's right of compensation would, in that event, be against the Nashville and Chattanooga company.

We are, therefore, of the opinion that the charge of his Honor, as well as his action in sustaining the demurrer to said pleas, was erroneous.

The exceptions to the report must be disallowed, the report confirmed, and the judgment reversed, the demurrer to said pleas overruled, and the cause remanded for proper issues upon said pleas, and another trial.

TURNEY, J., delivered the following dissenting opinion:

I dissent from the foregoing opinion in almost every particular.

Railroad Company *v.* Quinn.

I think the circuit judge was strictly correct in his holdings upon the questions raised by demurrer to the pleas, and in his charge to the jury.

To my mind the doctrine that the Legislature has attempted to, or could, if it had so attempted, delegate the right of eminent domain to a corporation, leaving that corporation to be its own judge, construe the law for itself and confiscate the property of a citizen to its own use without just compensation, is simply monstrous.

Even if section 1119 is a general amendment to railroad charters (and I do not think it is), still it is only an authority to proceed in a proper way, according to the forms of law, in a mode prescribed, either to purchase by private contract, or if that shall fail, to have the land condemned upon a just and fair estimate of its value, which must be paid before the corporation has the right to use of a way over the land, as we have holden in two cases. Otherwise we, in my opinion, violate—in fact, abrogate—a positive ordinance of the constitution. Under the opinion of the majority, as I understand it, the landowner need not be consulted at all. No prescriptive right has accrued to the corporation, and it is a trespasser.